IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2022 FEB 22 P 4: 21

| | |
|---|---|
| **SAMUEL A. TEW,** DEBRA P. HACKETT, CLK | ) |
| U.S. DISTRICT COURT | ) |
| **Plaintiff,** MIDDLE DISTRICT ALA | ) |
| | ) |
| **v.** | ) |
| | ) **CASE NO.** |
| **THE CITY OF DOTHAN, a** | ) 1:22-cv-92 |
| **Municipal Corporation, THE** | ) |
| **CITY COMMISSION of the City of** | ) **JURY TRIAL DEMANDED** |
| **Dothan, as a separately created entity or** | ) |
| **agency working for the City of Dothan,** | ) |
| **and TAIWAN TRUITT, in his individual** | ) |
| **capacity, SCOTT SPIVEY, in his** | ) |
| **individual capacity, DEVELLUS** | ) |
| **BUTLER, in his individual capacity,** | ) |
| **BRIAN GOGUEN, in his individual** | ) |
| **capacity, and BRIAN TATE, in his** | ) |
| **individual capacity,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, Samuel A. Tew by and through his undersigned

counsel, Julian L. McPhillips, Jr., and K. David Sawyer, hereby files this

Complaint against the above-named Defendants as follows:

## I.    JURISDICTION AND VENUE

1.    Plaintiff Tew files this Complaint, institutes these proceedings and

invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331,

1343, and 2201, giving this Court jurisdiction over each of Mr. Tew's federal claims brought under 42 U.S.C. §§ 1983, 1985 and 1988, and 28 U.S.C. §§ 2201—2202, which provide for the recovery of damages, equitable and declaratory relief, and attorney's fees because of the deprivation of any right or privilege of a citizen of the United States. The Plaintiff alleges the Defendants' actions are in violation of certain rights protected by the First Amendment and the Fourteenth Amendment to the United States Constitution. The Court has supplemental or pendant jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367, which are set forth in Count Four of this Complaint.

2.     Jurisdiction is further allowed in the United States District Court for allowing a party to challenge laws, ordinances, and actions when (a) the law is "vague or overly broad as construed and applied to a particular defendant in a particular case," (b) selective prosecutions are "brought in bad faith," (c) the prosecution of an individual is one of a series of repeated and selective prosecutions, (d) the selective prosecution is "not made with any expectation of securing a valid conviction," (e) the prosecution is brought "to harass an individual," or (f) prosecution is brought against individuals to "discourage them and their supporters from asserting and attempting to vindicate ... constitutional rights." Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Each applies in this case.

3.     Venue is proper pursuant to 28 U.S.C.A. § 1391 (b)(2) because the majority of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this jurisdiction.

## II.  **PARTIES**

4.     The named Plaintiff, Samuel A. Tew (hereinafter "Plaintiff" or "Mr. Tew"), is a citizen of the United States and a resident of Houston County, Alabama. Plaintiff is over the age of nineteen years.

5.     The Defendant, City of Dothan (hereinafter "Defendant City" or "City of Dothan"), is a municipality located in Houston County, Alabama. At all times relevant to this complaint, Plaintiff was a resident citizen of the City of Dothan and previously employed by the City.  The Plaintiff's claims are brought pursuant to 42 U.S.C. §1983, and against the City for the unauthorized violation and continued violations of Plaintiff's constitutional rights.

6.     The Defendant, City Commission of the City Dothan (hereinafter "Defendant Commission" or "City Commission"), is a municipal entity located in Houston County, Alabama. The Plaintiff's claims are brought pursuant to 42 U.S.C. §1983, and against the City Commission for the unauthorized violation and continued violations of Plaintiff's constitutional rights.

7.     The Defendant Taiwan Truitt is a citizen of the United States and a resident of Houston County, Alabama, is over the age of nineteen and a current or former Police officer for the City of Dothan, Alabama. He is named in his individual capacity.

8.     The Defendant Scott Spivey is a citizen of the United States and a resident of Houston County, Alabama, is over the age of nineteen and a current or former Police officer for the City of Dothan, Alabama. He is named in his individual capacity.

9.     The Defendant Devellus Butler is a citizen of the United States and a resident of Houston County, Alabama, is over the age of nineteen and a current or former Police officer for the City of Dothan, Alabama. He is named in his individual capacity.

10.     The Defendant Brian Goguen is a citizen of the United States and a resident of Houston County, Alabama, is over the age of nineteen and a current or former Police officer for the City of Dothan, Alabama. He is named in his individual capacity.

11.     The Defendant Brian Tate is a citizen of the United States and a resident of Houston County, Alabama, is over the age of nineteen and a current or former Police officer for the City of Dothan, Alabama. He is named in his individual capacity.

4

### III.    **STATEMENT OF FACTS**

12.    From 1988 until 1995, Mr. Sam Tew served as a nationally certified firefighter and EMT Basic officer for the City of Dothan Fire Department.

13.    In 1995, after learning of certain alleged legal and/or illegal gun sales by officer John Jordan occurring at the City of Dothan's ("hereinafter "City") Fire Department, Mr. Tew questioned this activity to his supervisors.

14.    After questioning these gun sales, a City Fire Department superior instructed Mr. Tew to "shut up about the gun sales or I'm going to fire you."

15.    Shortly thereafter, the former City Manager, Jerry Gwaltney, assaulted Mr. Tew at a City Commission Meeting, and the City summarily terminated Mr. Tew from his position with the Dothan Fire Department.

16.    Although Mr. Tew timely appealed his termination, the City requested that the Circuit Court dismiss Mr. Tew's appeal for failing to find a new attorney withing 30 days, but failed to disclose to the Court that City Attorney Len White caused Mr. Tew to be sent to Searcy (Poundstone Facility) in Daphne, Alabama, without notice, without hearing, and without counsel.  That prevented Mr. Tew from getting an attorney to timely represent him.

17.    Upon returning to reside in Dothan in 1998, Mr. Tew became subjected to repeated assaults and unsubstantiated arrests by the City's police officers, causing Mr. Tew to suffer serious injuries and damages.

18.    The City also brought unfounded claims against Mr. Tew.  However, the majority of any and all charges brought by the City against Mr. Tew were more than 6 years ago and therefore outside the statute of limitations on today in 2022.

19.    As Mr. Tew has continued to reside in the City of Dothan, City police officers have repeatedly and forcefully removed Mr. Tew from Dothan City property, and unlawfully arrested and unlawfully detained and jailed Mr. Tew without probable cause.

20.    On November 4, 2015, the City's Chief of Police Steven Parrish wrote a letter to Mr. Tew, advising him that he was "banned from the Dothan Civic Center administrative offices."  The Chief of Police asserted a violation of this "ban" would result in Mr. Tew's arrest for "criminal trespassing." (Exhibit A, attached).

21.    On February 20, 2017, the City's Chief of Police Steven Parrish again wrote a letter to Mr. Tew alleging that he had received reports from numerous department heads that Mr. Tew was "attempting to communicate with City employees."  Without any basis, via fact or explanation, the Chief of Police further asserted: "They are alarmed by your presence and your demeanor." (Exhibit B, attached).

22.    In his letter dated February 20, 2017, the City's Chief of Police Steven Parrish informed Mr. Tew he was "banned from the Dothan Civic Center completely" and "may be arrested" if he returned.   This letter made no reference to

any unlawful act nor to City Ordinance 2016-79 adopted by the City Commission in 2016.

23.    City Ordinance 2016-79 addresses the procedures and decorum for an individual to speak before the Board of Commissioners at public meetings. This ordinance also expressly addresses the process by which the Commission may vote and prohibit an individual from attending or speaking. (Exhibit C, attached).

24.    Since 2017, Mr. Tew has not been permitted to attend any City function nor allowed to appear on the property of any City office without the fear of his arrest, or actual physical assault by the City's law enforcement officers.

25.    On or about March 17, 2017, the City selectively charged Mr. Tew with criminal trespass, alleging Mr. Tew's violation of the letter written by the Chief of Police Steven Parrish on February 20, 2017.

26.    Shortly thereafter, on or about May 16, 2017, while legally entering the Dothan Opera House with necessary tickets and any other necessary documents, one or more of the City police officers, Defendants Taiwan Truitt, Scott Spivey, Devellus Butler, Brian Goguen, and Brian Tate approached Mr. Tew, bodily picked him up and threw him to the ground. While on the ground, these City police officers again picked Mr. Tew up, and again threw him to the ground, causing Mr. Tew to suffer a broken ulna, a broken radial head, a completely detached ligament, and many other

7

issues affecting his right arm.  On or more of these named Defendants also failed to properly intervene and prevent this unlawful assault.

27.     Two days later, on May 19, 2017, the City again selectively charged Mr. Tew with criminal trespass, alleging Mr. Tew's violation of the letter written by the Chief of Police Steven Parrish on February 20, 2017.

28.     On or about October 5, 2017, in each of the above criminal charges brought by the City against Mr. Tew, the Dothan Municipal Court found Mr. Tew guilty of two counts of "criminal trespass," and in each case, fined Mr. Tew and sentenced him to serve 30 days in jail, with 15 days suspended upon lawful behavior."

29.     On October 17, 2017, Mr. Tew and his attorney, Don Bennett, timely appealed each criminal conviction to the Circuit Court of Houseton County, Alabama, requesting trial by jury. Said appeal had the effect of wiping the slate clean, as if there had been no prior conviction.

30.     As of the date of this filing, now over four (4) years later, each of the City's charges brought by the City and the City's Attorney, Len White, against Mr. Tew in 2017 alleging criminal trespass, still has not been tried before a jury in the Circuit Court of Houston County, Alabama.

31.    Mr. Tew has faced, and continues to face, a genuine threat of continued harassment, persecution, and prosecution by the City of Dothan in violation of his rights afforded by First Amendment to the United States Constitution.

32.    More recently, on March 16, 2021, City Police offers again refused to allow Mr. Tew to enter the Dothan Civic Center by arresting and detaining Mr. Tew, when entering the Dothan Civic Center.

33.    On April 15, 2021, City Police officers again unlawfully detained Mr. Tew for approximately 20 minutes without just cause.

34.    On May 4, 2021, six (6) City police officers, carrying guns, approached Mr. Tew while entering the Dothan Civic Center to attend a public City Commission meeting.  The City Police officers blocked Mr. Tew and refused to allow Mr. Tew to enter.

35.    On January 18, 2022, the City again stopped and arrested Mr. Tew on City property, after Mr. Tew requested permission to leave.

36.    The City's continuous unlawful actions, including the pending unlawful and unconstitutional criminal charges brought by the City against Mr. Tew for alleged criminal trespass on public property, are allegedly taken against Mr. Tew to prevent Mr. Tew from exercising his fundamental United States constitutional rights.

37.    Each of these actions taken by the City, including the series of successive prosecutions brought against Mr. Tew have been taken to prevent, and retaliate against, Mr. Tew for exercising, or attempting to exercise, his First Amendment Rights.

38.    While criticizing the government is a fundamental right enjoyed by every American necessary to protect our democratic system of government, the City of Dothan and the City Commission have adopted a longstanding unconstitutional policy and practice of harassing, assaulting, arresting, and detaining Mr. Tew in retaliation for his criticisms.  The many actions have caused Mr. Tew to suffer both physically and mentally.

## IV.   PLAINTIFF'S CAUSES OF ACTIONS

### COUNT ONE
### 42 U.S.C. § 1983
### SELECTIVE ENFORCEMENT/SELECTIVE PROSECUTION
### FIRST AMENDMENT AND FOURTEENTH AMENDMENT

39.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 – 38, above, the same as if more fully set forth herein.

40.    In seeking to attend and asking to speak at the City's publicly held Commission meetings, Mr. Tew is exercising his clearly established constitutional and statutory rights.

41.    Dozens of similarly situated citizens have attended, and have requested and been allowed to speak at the City's publicly held Commission meetings without being similarly "banned" from attending and speaking at such meetings.

42.    Dozens of similarly situated citizens have attended and have requested and been allowed to speak at the City's publicly held Commission meetings without being similarly assaulted, arrested, detained, incarcerated, and charged with criminal trespass.

43.    The Plaintiff's undersigned counsel has requested public information from the City reflecting the numerous citizens who have requested to speak and allowed to speak at the City's publicly held Commission meetings.  However, at the time of this filing, this information has not been provided to Plaintiff's counsel.

44.    The City's and the City Commission's purpose in selectively "banning" Mr. Tew from such publicly held Commission meetings, and in selectively harassing, assaulting, arresting, detaining, incarcerating, and charging Mr. Tew with criminal trespass is to selectively prohibit Mr. Tew from exercising his constitutional and statutory rights protected by the First Amendment and the Equal Protection Clause of the Fourteenth Amendment.

45.    The City and the City Commission continue to implement or execute a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the City and the City Commission that selectively prohibits Mr. Tew

from exercising his constitutional and statutory rights protected by the First Amendment and the equal protection clause to the Fourteenth Amendment.

46.    These constitutional deprivations emanate from an unconstitutional custom practiced on behalf of the City and the City Commission that has violated, and continues to violate, Mr. Tew's clearly established constitutional and statutory rights, and are unlawful in light of clearly established law. No reasonable person would have believed otherwise, given the state of the law and the Defendants' motivations.

47.    As a direct and proximate result of the unlawful activity by the City and by the City Commission, Mr. Tew has suffered and will continue to suffer economic and non-economic damages for which the Defendants are liable.

48.    In addition, the Defendants' acts were willful, egregious, malicious, and worthy of substantial sanctions to punish and deter them and others from engaging in this type of unlawful conduct.

WHEREFORE. PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant the following relief:

a.    Judgment declaring that the Defendant City of Dothan and the City Commission selectively enforced and/or selectively prosecuted the Plaintiff Tew in violation of his First Amendment and Fourteenth Amendment Rights under the U.S. Constitution;

b.     Judgment declaring unconstitutional the City's selective "trespass letters" written on November 4, 2015, and February 20, 2017 (Exhibit A and Exhibit B);

c.     Any injunctive and equitable relief declaring unconstitutional the City's continued selective prosecution of the Plaintiff pursuant to the City's "trespass letters;"

d.     An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of a violation of his U.S. Constitutional Rights, effective from the date of final judgment;

e.     An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

f.     Punitive damages for the individual defendants as allowed by applicable law;

g.     An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

h.     Such further, other and different relief as the Court may deem appropriate and necessary.

**COUNT TWO**
**VIOLATION OF FIRST AMENDMENT**
**42 U.S.C. § 1983**

49.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 – 48, above, the same as if more fully set forth herein.

50.    "[P]rior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." (Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 559 (1976)).

51.    Prior restraints can take many forms, including court orders (New York Times Co. v. United States, 403 U.S. 713, 715 (1971); statutes (Near v. State of Minnesota ex rel. Olson, 283 U.S. 697, 723 (1931)); or even "informal procedures undertaken by officials and designed to chill expression." (Multimedia Holdings Corp. v. Circuit Court of Fla., St. Johns Cty., 544 U.S. 1301, 1306 (2005).

52.    Some prior restraints are explicit.   But more subtle governmental action, such as an ordinance, order or instruction allowing a ban can be a prior restraint. (City of Lakewood v. Plain Dealer Pub. Co., 486 U.S. 750, 757 (1988)).

53.    As in this case, threats of criminal prosecution, and actual prosecution, can also create a prior restraint.

54.    At all material times, Mr. Tew was engaged in constitutionally protected activity.

55.   The City and the City Commission sought to effect unlawful prior restraints on Mr. Tew by executing a retaliation campaign to chill him from engaging in protected activity.

56.   The retaliation by these Defendants injured Mr. Tew by restraining, preventing, and impairing his exercise of his First Amendment rights, and did so in a way likely to chill a person of ordinary firmness from continuing to exercise those rights.

57.   The City and the City Commission continue to implement or execute a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the City and the City Commission that selectively prohibit Mr. Tew from exercising his constitutional and statutory rights protected by the First Amendment.

58.   These constitutional deprivations emanate from an unconstitutional custom practiced on behalf of the City and the City Commission that has violated, and continues to violate, Mr. Tew's clearly established constitutional and statutory rights, and are unlawful in light of clearly established law. No reasonable person would have believed otherwise, given the state of the law and the Defendants' motivations.

59.   These actions—on behalf of the City of Dothan and the City Commission of the City of Dothan—violated Mr. Tew's clearly established

constitutional and statutory rights and were unlawful in light of clearly established law. No reasonable person would have believed otherwise, given the state of the law and Defendants' motivations.

60. As a direct and proximate result of Defendants' unlawful activity, Mr. Tew has suffered, and continues to suffer, economic and non-economic damages for which Defendants are liable.

61. Defendants' acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter them and others from engaging in this type of unlawful conduct.

WHEREFORE. PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant the following relief:

a.    Judgment declaring that the Defendants City of Dothan and the City Commission violated Plaintiff's First Amendment Rights under the U.S. Constitution;

b.    Judgment declaring unconstitutional the City's "trespass letters" written on November 4, 2015, and February 20, 2017 (Exhibit A and Exhibit B);

c.    Any injunctive and equitable relief declaring unconstitutional the City's continued prosecution of the Plaintiff pursuant to the City's "trespass letters;"

d.      An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of a violation of his U.S. Constitutional Rights, effective from the date of final judgment;

e.      An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

f.      Punitive damages as allowed by applicable law;

g.      An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

h.      Such further, other and different relief as the Court may deem appropriate and necessary.

**COUNT THREE**
**FIRST AMENDMENT FREE SPEECH RETALIATION**
**42 U.S.C. § 1983**

62.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 – 61, above, the same as if more fully set forth herein.

63.     Under the Free Speech Clause, Plaintiff Tew is free to gather and share information about the City's affairs.

64.     The City's and the City Commission's continued retaliation interfered with, and was in retaliation for, Mr. Tew's exercise of his rights to speak freely on matters of public concern by punishing him for speaking, and attempting to speak,

freely at public meetings, speaking freely to the public and the press, and fulfilling his social-justice obligations, and attending and speaking at the City's Commission meetings.

65.    The City's and the City Commission's continued retaliation exposed Mr. Tew to sanctions that would deter a person of ordinary firmness from continuing to engage in protected conduct.

66.    The City's and the City Commission's continued retaliation was motivated by Mr. Tew engaging in conduct protected under the Free Speech clause of the First Amendment of the United States Constitution.

67.    The City and the City Commission continue to implement or execute a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the City and the City Commission that selectively prohibit Mr. Tew from exercising his constitutional and statutory rights protected by the First Amendment.

68.    These constitutional deprivations emanate from an unconstitutional custom practiced on behalf of the City and the City Commission that has violated, and continues to violate, Mr. Tew's clearly established constitutional and statutory rights, and are unlawful in light of clearly established law. No reasonable person would have believed otherwise, given the state of the law and the Defendants' motivations.

69.    As a direct and proximate result of Defendants' unlawful activity, Mr. Tew has suffered and continues to suffer economic and non-economic damages for which Defendants are liable.

70.    The Defendants' acts were willful, egregious, malicious, and worthy of substantial sanction to punish and deter them and others from engaging in this type of unlawful conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant the following relief:

a.    Judgment declaring that the Defendant City of Dothan and the City Commission violated Plaintiff Tew's right to be free of the First Amendment's Right to be free of wrongful retaliation;

b.    Judgment declaring unconstitutional the City's "trespass letters" written on November 4, 2015, and February 20, 2017 (Exhibit A and Exhibit B);

c.    Any injunctive and equitable relief declaring unconstitutional the City's continued prosecution of the Plaintiff pursuant to the City's "trespass letters;"

d.    An order granting Plaintiff compensation for rights to which Plaintiff would have been entitled, had Plaintiff not been the victim of a violation of his U.S. Constitutional Rights, effective from the date of final judgment;

e.    An award of compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

f.    Punitive damages as allowed by applicable law;

g.    An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief; and

h.    Such further, other and different relief as the Court may deem appropriate and necessary.

## <u>COUNT FOUR</u><br><u>ASSAULT</u>

71.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 – 70, above, the same as if more fully set forth herein.

72.    On or about May 16, 2017, as set forth in the facts above, Defendants Taiwan Truitt, Scott Spivey, Devellus Butler, Brian Goguen, and Brian Tate intentionally and unlawfully assaulted Mr. Tew.

73.    This intentional and unlawful assault proximately caused physical injury to Mr. Tew, including but not limited to suffer a broken ulna, a broken radial head, a completely detached ligament, and many other issues affecting his right arm.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE PREMISES CONSIDERED, Plaintiff demands judgment against defendants Taiwan Truitt, Scott Spivey, Devellus Butler, Brian Goguen, and Brian Tate, separately and severally, pursuant `to the common law of Alabama for damages in such sum as the jury may reasonably determine, for the costs of this

action, and such further additional, necessary or proper relief the Court deems appropriate.

## V. JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this 22nd day of February, 2022.

_____
Julian L. McPhillips, Jr. (ASB-3744-L74J)
Counsel for Plaintiff Samuel A. Tew

_____
K. David Sawyer (ASB-5793-R61K)
Counsel for Plaintiff Samuel A. Tew

**OF COUNSEL:**

**Julian L. McPhillips, Jr.**
**K. David Sawyer**
**MCPHILLIPS SHINBAUM, L.L.P.**
**516 South Perry Street**
**Montgomery, Alabama 36104**
**(334) 262-1911**
**(334) 263-2321     FAX**
**julianmcphillips@icloud.com**
**kdsawyer64@outlook.com**

**PLAINTIFF WILL SERVE EACH DEFENDANT BY PERSONAL**

**PROCESS SERVER:**

**City of Dothan**
**City Clerk's Office**
**126 N Saint Andrews Street**
**Room 213**
**Dothan, AL 36303**

**City of Dothan City Commission**
**126 N Saint Andrews Street**
**Suite 201**
**Dothan, AL 36303**

**Taiwan Truitt**
**City Clerk's Office**
**126 N Saint Andrews Street**
**Room 213**
**Dothan, AL 36303**

**Scott Spivey**
**City Clerk's Office**
**126 N Saint Andrews Street**
**Room 213**
**Dothan, AL 36303**

**Devellus Butler**
**City Clerk's Office**
**126 N Saint Andrews Street**
**Room 213**
**Dothan, AL 36303**

**Brian Goguen**
**City Clerk's Office**
**126 N Saint Andrews Street**
**Room 213**
**Dothan, AL 36303**

**Brian Tate**
**City Clerk's Office**
**126 N Saint Andrews Street**
**Room 213**
**Dothan, AL 36303**